**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GARY THOMAS, ID # 21154-086,** | ) | |
| **Movant,** | ) | **No. 3:08-CV-0031-N (BH)** |
| **vs.** | ) | **No. 3:03-CR-0188-N (23)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Movant, a current inmate in the federal prison system, filed this *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* ("Motion to Vacate") to challenge his federal conviction and sentence in Cause No. 3:03-CR-0188-N.  The respondent is the United States of America ("Government").

On June 4, 2003, the Government indicted movant and co-defendants for conspiracy, beginning on or about October 1, 2002, and continuing through the date of the indictment, to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846.  (Doc. 1.)[1]  Subsequent indictments charged that the conspiracy began on or about April 1, 2002, and continued through June 30, 2003.  (*See* Doc. 86 (Superseding Indictment); Doc. 361 (Second Superseding Indictment); Doc. 502 (Third Superseding Indictment).)

Trial began on May 17, 2004.  (Trial Tr. Vol. 3 at 1, 153-56.)  On May 25, 2004, a jury found

---

[1] Unless stated otherwise, all document numbers refer to the docket number assigned to the document in the underlying criminal action.

movant guilty of the charged conspiracy.  (Doc. 579.)  In December 2004, the Court entered

judgment on the jury verdict and sentenced movant to life imprisonment.  (Docs. 799 and 805.)  The

Fifth Circuit affirmed movant's sentence and conviction.  *See United States v. Combs*, 191 Fed.

App'x 319, 322 (5th Cir. 2006) (per curiam), *cert. denied*, 549 U.S. 1138 (2007) (as to movant).

On January 7, 2008, movant filed his motion to vacate pursuant to 28 U.S.C. § 2255 and a

memorandum in support.[2]  (*See* Mot. Vacate at 1; Mem. Supp. at 1.)  He claims that (1) he is actually

innocent; (2) his conviction is based on unlawful racial grounds because of the sentencing disparity

between cocaine and cocaine base; (3) the Court lacked jurisdiction to impose an illegal sentence

that resulted from a mandatory application of sentencing guidelines; (4) counsel was ineffective for

failing to move for a suppression hearing; (5) the Government violated 21 U.S.C. § 851 at

sentencing; (6) counsel was unable to render due diligence due to suppression of a transcript; (7)

counsel failed to object to jury instructions; and (8) trial and appellate counsel were ineffective for

failing to address these issues.  (Mot. Vacate at 6-8; Mem. Supp. at 4-24; Am. Mot. at 1-5.)  He also

seeks an evidentiary hearing.  (Mem. Supp. at 25.)

The Government argues that the first claim was decided on appeal and is alternatively not

cognizable in a § 2255 motion, the second and third claims are not cognizable, and the remaining

claims lack merit.  (*See* Resp. in Opp'n [hereafter "Resp."].)  The issues are now ripe for

determination.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

---

[2] Movant actually filed a motion to vacate on a standardized form and a non-standardized motion to vacate that the Court construes as a supporting memorandum.  He also filed an amended motion to vacate on May 26, 2009.

result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).  Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error.  *Id.* at 232.  Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.*  The cause and prejudice test applies even to allegations of fundamental constitutional error, and the only exception to its application is when a movant can establish a fundamental miscarriage of justice, *i.e.*, that he or she is actually innocent of the crime convicted.  *Id.*

## A. __Actual Innocence__

Movant first claims that he is actually innocent of the crime of which he has been convicted. (Mot Vacate at 6; Mem. Supp. at 4-7.)  He asserts that he was charged with conspiring to possess cocaine with intent to distribute but sentenced for conspiring to possess cocaine base with intent to distribute.  (Mem. Supp. at 4.)  He contends that because the law recognizes a difference between cocaine powder and cocaine base, and because the evidence presented against him at trial related to cocaine base, he is innocent of the charged offense.  (*Id.* at 4-5.)

"Actual innocence means 'factual innocence, and not mere legal insufficiency.'  To prove actual innocence, the [movant] 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).  He must show, "as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d

106, 108 (5th Cir. 1995)).

Movant has not shown factually that he did not commit the crime for which he was convicted. He has not demonstrated that it is more likely than not that no reasonable juror would have convicted him in light of the evidence presented against him. The Fifth Circuit Court of Appeals found the evidence presented at trial sufficient to support his conviction. *See Combs*, 191 Fed. App'x at 321. Movant presents no claim that casts any doubt upon the evidence presented against him. Thus, the miscarriage-of-justice exception to the procedural bar doctrine does not save movant from his procedural default. Nor does his claim of actual innocence entitle him to any relief in this § 2255 action.[3]

## B.  Cause and Prejudice

To overcome the procedural bar caused by his failure to raise his claims (other than his actual-innocence and ineffective-assistance-of-counsel claims) on direct appeal, movant also attempts to show cause and prejudice by assigning all errors to ineffective assistance of counsel. A showing of ineffective assistance of counsel satisfies the cause and prejudice standard. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). Furthermore, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Accordingly,

---

[3] To the extent movant also raises a sufficiency-of-the-evidence claim, it is not cognizable in this action. *See Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972). Furthermore, defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). "The appellate process does not permit reruns." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979). Movant pursued his sufficiency claim on direct appeal.

the Court considers those claims which movant failed to raise on direct appeal within the context of ineffective assistance of counsel.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. art. VI.  To successfully state a claim of ineffective assistance of trial or appellate counsel, movant must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).  A failure to establish either of these prongs generally requires a finding that counsel's performance was constitutionally effective.  *Strickland*, 466 U.S. at 696.

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance."  *Id.* at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."  *Id.* at 691.  To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair).  To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that her sentence would have been less harsh.  *See Glover v. United States*, 531 U.S. 198, 200 (2001)

(holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice").  Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel.  *Strickland*, 466 U.S. at 695-96.

**A.  Unlawful Racial Ground and Disparity Between Cocaine and Cocaine Base Sentencing**

In his second claim, movant asserts that he cannot be convicted under 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) because the statute is substantially based on unlawful racial grounds and the Court did not consider the manifest injustice in the sentencing disparity between cocaine and cocaine base. (Mot. Vacate at 6; Mem. Supp. at 8-12; Reply at 3.)

Movant's assertion is fatally flawed because § 841(b)(1)(A)(iii) did not impact his sentence. The Court sentenced movant to mandatory life imprisonment under the statutory authority provided by § 841(b)(1)(A) for individuals who have two or more prior final felony drug convictions. Because there is no factual basis for this claim, there is no deficiency of counsel.

**B.  *Booker***

In his third claim, movant alleges that the trial court lacked jurisdiction to impose an illegal sentence resulting from application of the mandatory sentencing scheme in place prior to *United States v. Booker*, 543 U.S. 220 (2005).  (Mot. Vacate at 6; Mem. Supp. at 12-14; Reply at 3-4.)

The Court sentenced movant to life imprisonment in accordance with the United States Sentencing Guidelines.  Anticipating the *Booker* decision, however, it also stated:

> In the alternative, if the Sentencing Guidelines are determined to be unconstitutional, and the Court should sentence the Defendant within the range of incarceration pro-vided by statute for the offense(s) pursuant to the discretion of the Court, then the Court would, in its discretion, take into consideration the factors addressed in the Sentencing Guidelines and would impose the same sentence for Defendant as stated above.

6

(Judgment, doc. 805.)  Based on this alternate sentence, the Fifth Circuit Court of Appeals found no

*Booker* violation on direct appeal.  *See Combs*, 191 Fed. App'x at 322.  It also found no error in the

imposition of a repeat-offender enhancement.  *Id.*

Under the new advisory sentencing regime in *Booker*, "[t]he sentencing judge is entitled to

find by a preponderance of the evidence all the facts relevant to the determination of a Guideline

sentencing range and all facts relevant to the determination of a non-Guidelines sentence."  *United*

*States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *accord United States v. Jauregui*, No. 05-50547,

2006 WL 2460762, at *1 (5th Cir. Aug. 21, 2006) (per curium) (following *Mares* and noting that,

"[b]y rendering the Guidelines advisory, *Booker* eliminated the Sixth Amendment concerns that

prohibited a sentencing judge from finding facts relevant to sentencing").  Movant's sentence was

therefore not illegal.  In addition, it is well established that the technical application of the

sentencing guidelines is not subject to collateral review in a § 2255 motion.  *E.g.*, *United States v.*

*Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  "Section 2255 motions may raise only constitutional

errors and other injuries that could not have been raised on direct appeal that will result in a

miscarriage of justice if left unaddressed.  Misapplications of the Sentencing Guidelines fall into

neither category and hence are not cognizable in § 2255 motions."  *Id.*  Accordingly, whether or not

it is characterized in terms of ineffective assistance of counsel, movant's *Booker* claim entitles him

to no relief.

**C.  Fourth Amendment**

In his fourth claim, movant asserts that his attorney failed to move for a suppression hearing,

object to the lack of a hearing, and move for a new trial based upon use of at trial of evidence

garnered from illegal wiretaps.  (Mot. Vacate at 7; Mem. Supp. at 18; Am. Mot. at 1-5.)

7

Here, counsel did move to suppress the wiretap evidence.  (*See* Doc. 408.)  The Court denied the motion without a hearing after finding that probable cause existed for the wiretap intercept, and that the wiretap intercept order was not deficient for failing to name movant as a potential interceptee.  (*See* Doc. 552 at 6.)

An evidentiary hearing is only necessary when the Court must receive evidence on an issue of fact.  *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983).  Movant asserts that fact issues existed as too whether the wiretap application was properly authorized, and whether recorded conversations of November 6, 19, and 29, 2002, were included in the October 31, 2002 application. (Am. Mot. at 2.)  The October 31, 2002 application clearly sought authorization to intercept communications for a thirty-day period – a period that definitively encompasses the three intercepted communications in November 2002, (*see* App. to Am. Resp.), and it was properly authorized, (*see id.* at 10-13).  Movant has shown no issue of fact which would require an evidentiary hearing.

Nor has movant overcome the strong presumption that the failure to move for a suppression hearing, object to the lack of hearing, or move for a new trial based upon use of illegal wiretaps at trial falls within the wide range of reasonable assistance.  Attorneys do not render deficient representation by "failing to press a frivolous point", *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), or failing "to make futile motions or objections", *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  Movant has not shown a reasonable probability that the Court would have granted a hearing had counsel requested one or that it would have granted the motion to suppress had it granted a hearing.  It had already found that the Government did not illegally obtain any evidence through the wiretaps.  Movant has therefore shown no prejudice from his counsel's alleged failures, and this claim entitles him to no relief in this action.

8

**D.  Non-compliance with 21 U.S.C. § 851**

Movant's fifth claim alleges a failure of the Government to comply with 21 U.S.C. § 851 which rendered counsel ineffective.  (Mot. Vacate at 7; Mem. Supp. at 18-19.)

Section 851 requires the Government to provide pre-trial notice of its intent to seek an increased punishment by reason of prior convictions.  On direct appeal, the Fifth Circuit found governmental compliance with § 851.  *See Combs*, 191 Fed. App'x at 322.  Consequently, this claim is based on an erroneous factual premise.  Movant also fails to show a reasonable probability that his sentence would have been less harsh had counsel received additional time to investigate the prior convictions or a more substantial notice of such convictions.  He is entitled to no relief on this claim.

**E.  Suppression of Critical Documentation**

In his sixth claim, movant asserts that his attorney was unable to prepare an adequate defense and cross-examination because the Government suppressed a critical trial transcript relating to two witnesses until sentencing.  (Mot. Vacate at 7; Mem. Supp. at 19-20.)

At sentencing, counsel indicated that he had obtained a copy of the trial transcript from the court reporter.  (Sentencing Tr. at 4.)  He made no allegation of suppression or any concern that he had to obtain it from the court reporter.  (*See id.*)  There is no factual basis for finding that the Government suppressed the trial transcript.  Movant has also shown no reasonable probability of a different outcome at trial or sentencing had counsel obtained earlier access to the trial transcript.  Conclusory allegations are insufficient to obtain relief under § 2255.  *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").  Movant is entitled to no relief on this claim.

**F.  Jury Instruction**

Movant alleges in his seventh claim that his attorney rendered ineffective assistance by failing to (1) object to jury instructions which did not distinguish between powder cocaine and cocaine base and (2) proffer a special verdict form to place the distinction squarely before the jury. (Mot. Vacate at 8; Mem. Supp. at 21; Reply 5-6.)  He contends that it is unclear whether the Government actually carried its burden to establish the elements of the charged offense beyond a reasonable doubt.  (Mem. Supp. at 21.)

Counsel for movant requested various jury instructions, including that (1) the jury was only to consider the crime charged, (2) mere proof of a buyer-seller relationship is insufficient to convict on a conspiracy charge, and (3) the Government had to prove the conspiracy charged, not some other conspiracy.  (*See* Doc. 407.)  The Court specifically instructed the jury on the first and third requested matters and also instructed that the mere presence at the scene of an event does not necessarily establish proof of a conspiracy.  (*See* Doc. 579.)  These are accurate instructions on the law.  There was no basis to object that the jury charge did not distinguish between two types of cocaine, so the failure to raise this objection does not constitute deficient representation.

Similarly, counsel did not render deficient representation by failing to request a special verdict form.  The Federal Rules of Criminal Procedure do not expressly authorize special verdicts, and their use is generally disfavored.  *Tormes-Ortiz v. United States*, 472 F. Supp. 2d 122, 125 (D.P.R. 2006) (citing *Heald v. Mullaney*, 505 F.2d 1241 (1st Cir. 1974)).  It is well-settled that general jury verdicts are valid as long as the verdict is legally supportable on a ground submitted to the jury.  *Griffin v. United States*, 502 U.S. 46, 49 (1991); *United States v. Howard*, 517 F.3d 731, 737 (5th Cir. 2008).  The Government charged movant with a single-object conspiracy – conspiring to

10

possess cocaine with an intent to distribute.  Juries are amply qualified to assess the factual basis

necessary to convict a defendant of a single-object conspiracy without a special verdict form.

*Griffin*, 502 U.S. at 59.  Attorneys are not required to request unnecessary special verdict forms to

render reasonable assistance.

Furthermore, on direct appeal, the Fifth Circuit found sufficient evidence to support the

verdict.  *See Combs*, 191 Fed. App'x at 321.  Movant has shown no reasonable probability of a dif-

ferent outcome at trial had counsel lodged the objection or submitted a special verdict form – even

assuming that the Court would have sustained the objection and included the omitted instruction and

special verdict – events that movant has likewise shown no reasonable probability of occurring.  In

the absence of prejudice, this claim fails.

## G.  Ineffective Assistance Generally

In his eighth claim, movant alleges generally that his trial and appellate counsel were

ineffective for failing to address the issues raised in his motion.  (Mot. Vacate at 8; Mem. Supp. at

21-24.)

Movant's general claim of ineffective assistance of trial counsel merely reasserts the same

claims addressed above and fails for the same reasons.  As for the effectiveness of appellate counsel,

counsel need not raise every non-frivolous issue on appeal to be effective.  *United States v.*

*Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  "Instead, to be deficient, the decision not to raise

an issue must fall 'below an objective standard of reasonableness.'"  *United States v. Phillips*, 210

F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688).  "[A] reasonable attorney has

an obligation to research relevant facts and law, or make an informed decision that certain avenues

will not prove fruitful.  Solid, meritorious arguments based on directly controlling precedent should

be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted).  To determine whether movant's appellate counsel was deficient, the Court must consider whether the omitted challenge "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *Phillips*, 210 F.3d at 348.  To show prejudice from a failure to raise an issue on appeal, movant must show a reasonable probability "that the outcome on appeal would have changed" but for the deficiency of counsel.  *Blanton v. Quarterman*, 543 F.3d 230, 245 (5th Cir. 2008), *cert. denied*, ___ S. Ct. ___, No. 08-8668, 2009 WL 357589 (May 18, 2009).

Here, movant has identified no omitted appellate challenge that had sufficient merit to warrant raising it on appeal.  Nor has he shown no reasonable probability that had counsel asserted any matter raised in this action on appeal, the outcome of the appeal would have differed.

## IV.  EVIDENTIARY HEARING

Section 2255 of Title 28 of the United States Code provides that no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).  The files and records of this case conclusively show that movant is entitled to no

12

relief, and his request for an evidentiary hearing should be denied.

## V. RECOMMENDATION

The Court should **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought

pursuant to 28 U.S.C. § 2255 with prejudice as well as movant's request for an evidentiary hearing.

**SIGNED this 18th day of June, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE